# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ZACARIAS ROCHA CASTRO,<br><br>Defendant. | CASE NO. 1:11-CR-00187-(2)-LJO<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br>(Doc. 106) |

Before the Court is Petitioner Zacarias Rocha Castro's *pro se* motion to reduce his sentence under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines.[1] (Doc. 106). The Amendment revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. The Federal Defender's Office declined to supplement the motion. (Doc. 108). The Government opposes the motion on the basis that the Defendant is not eligible for a reduction under § 1B1.10. (Doc. 110). After a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR," Doc. 95), and the relevant law, the Court denies the motion.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I. BACKGROUND

On June 2, 2011, Petitioner and three co-defendants in a single-count Indictment were charged with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of a Substance Containing Heroin. (Doc. 1). Petitioner's PSR found that the amount of drugs attributed to Defendant was 1.5 kilograms of heroin. *See* PSR ¶ 26. In a plea agreement executed on August 12, 2013, Petitioner pled guilty to the charges in the Superseding Information (Doc. 92): one count of Conspiracy to Distribute and Possess Heroin with the Intent to Distribute in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(c), and one count of Criminal Forfeiture in violation of 21 U.S.C. § 853 and 18 U.S.C. § 924(d) . *See* Docs. 90, 95.

Accepting the PSR, the Court found that, pursuant to § 2D1.1(a)(5)(iii), the Defendant's base offense level was 32 (based on the amount of drugs involved in the case) and his criminal history was category VI (based on 6 criminal history points). *See* PSR ¶ 69. Pursuant to §§ 3E1.1(a) and (b), Defendant's acceptance of responsibility warranted a three-level reduction, for an adjusted total offense level of 29. *Id.* at ¶¶ 32, 33. The Guidelines range for a defendant with an offense level of 29 and a criminal history category VI was 151 to 188 months imprisonment. *See id.* at 23; U.S.S.G. Ch. 5, Pt. A; § 2D1.1. Prepared by the U.S. Probation Office, Petitioner's PSR found that due to Petitioner's criminal history, he should be sentenced under the Career Offenders and Criminal Livelihood section of the Federal Sentencing Guidelines Manual, U.S.S.G. § 4B1.1, not §2D1.1. Doc. 95, PSR ¶ 31. On November 4, 2013, accepting the plea agreement, the Court imposed a sentence of 120 months in custody, a 36-month term of supervised release, and a mandatory $100 penalty assessment. *See* Doc. 98.

## II. LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may do so "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range

1    that has subsequently been lowered by the Sentencing Commission."). Effective November 1, 2014,

2    the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table

3    and chemical quantity tables across drug and chemical types. The Commission also voted to make

4    the Amendment retroactively applicable to previously sentenced defendants. *See* U.S.S.G., sup.

5    App'x C, amend. 788 (2014); *United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

6        Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-

7    step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a

8    prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G.

9    § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have

10   lowered the sentencing ranges for certain offenses. *See* § 1B1.10(d). In the event that one of the

11   enumerated amendments has lowered a guideline range applicable to a defendant, the district court

12   "shall determine the amended guideline range that would have been applicable to the defendant if

13   the amendment(s) … had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1).

14        If the answer to step one is that the defendant is eligible for a reduced sentence, the district

15   court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a)

16   factors and determine whether, in its discretion, the reduction authorized by reference to the policies

17   relevant at step one is warranted in whole or in part under the particular circumstances of the case."[2]

18   *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted).

19   **III.   DISCUSSION**

20        Petitioner requests a reduction in his sentence under Amendment 782, enumerated in

21   § 1B1.10(d). Rocha Castro argues that he is entitled to a reduction in sentence pursuant to the

22   Amendment and asks for a reduction in sentence "from 120 months to 78 months." Doc. 106 at 1.

23        The Sentencing Commission's constraint on a sentencing court's authority to modify a

24   sentence informs the step-one inquiry of whether a defendant is eligible for a reduction of sentence.

25   *Dillon*, 560 U.S. at 825-26. Section 3582 permits a reduction of sentence only where "such a

---

[2] The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

1   reduction is consistent with applicable policy statements issued by the Sentencing Commission."

2   Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not

3   consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if

4   … an amendment listed in subsection (c) does not have the effect of lowering the defendant's

5   applicable guideline range." § 1B1.10 (a)(2)(B).

6          The Court turns to whether the Amendment has effect on the Petitioner's guideline range.

7   Generally, the Amendment modifies § 2Dl.l's Drug Quantity Table to lower base offense levels by

8   two points for most federal drug traffic offenders. Amendment 782, U.S.S.G. § 1B1.10. Reductions

9   in sentencing are available for those defendants sentenced under the amended § 2D1.1 sentencing

10  provision. *See* Amendment 782. However, it is a matter of settled law in the Ninth Circuit that

11  "retroactive amendments regarding sentences under the drug guidelines do not affect individuals

12  who were sentenced as career offenders because, as we said the two sentencing schemes are

13  mutually exclusive." *U.S. v. Charles,* 749 F.3d 767, 770 (9th Cir. 2014) (internal citations and

14  quotation marks omitted). Thus, a defendant whose sentence range was calculated under U.S.S.G.

15  § 4B1.1 "because the defendant was a career offender cannot have been 'based on' a sentence range

16  calculated under § 2D1.10." *Wesson,* 583 F.3d at 731.

17         According to the PSR, Rocha Castro was sentenced as a career offender pursuant to U.S.S.G.

18  § 4B1.1. Doc. 95, PSR ¶ 31. Therefore, although the Court has jurisdiction to review Petitioner's

19  claim and his claim is currently ripe, Rocha Castro does not qualify for a sentence reduction because

20  his classification as a career offender caused his sentence to be based on a provision that was not

21  amended. *See Wesson,* 583 F.3d at 731 (holding that § 4B1.1 establishes a sentencing scheme that is

22  "mutually exclusive" of drug offender ranges calculated under § 2D1.1).[3] For this reason, the Court

23  concludes that Petitioner is ineligible for a reduction in sentence.

24  //

25  //

26

27  [3] Even if the Court did calculate an amended guideline range under § 2Dl.l, the new bottom of the amended range (based on a total offense level of 29 and criminal history category VI) would be 135 months—still more than Petitioner's original sentence of 120 months. Applying the Amendment does not have the hoped-for effect because the Court cannot

28  impose a sentence lower than the bottom of the amended guideline range. *See United States v. Tercero,* 734 F.3d 979, 982 (9th Cir. 2013) (recognizing that § 1B1.10(b)(2) limits a reduction in sentence to the minimum of the guideline range).

**IV.     CONCLUSION AND ORDER**

Because Petitioner's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court does not have the authority to reduce his sentence. *See United States v. Charles,* 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders."); *see, e.g., Zeich v. United States,* Civ. No. 1:93–CR–05217 LJO, 2014 WL 6774878, at *2 (E.D. Cal. Nov.10, 2014) (holding that a defendant sentenced as a career offender was ineligible for a sentence reduction based on Amendment 782). Accordingly,

**IT IS HEREBY ORDERED** that Defendant Zacarias Rocha Castro's motion to reduce his sentence (Doc. 106) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). The Clerk of Court is **DIRECTED** to **TERMINATE** the Defendant and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **March 14, 2016**                        **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE